WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Walter Desposito,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | CIV 13-0623-PHX-SLG (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SHARON L. GLEASON, UNITED STATES DISTRICT COURT:

Petitioner Thomas Walter Desposito, who is confined in the Arizona State Prison Complex, Hualapai Unit, in Kingman, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and supplemental brief in support. (Docs. 1, 3.) Respondents filed an Answer (Doc. 15), and Petitioner filed a traverse (Doc. 18).

## BACKGROUND[1]

As summarized by the Arizona Court of Appeals:

> Police investigated several individuals believed to be buying and selling large quantities of methamphetamine. The investigation led to the discovery of an illegal drug enterprise comprised of a number of people, including defendant. A series of wiretaps revealed that defendant played an integral role as a dealer within the organization. Police intercepted several phone conversations detailing the sale of methamphetamine between defendant and others. Investigators were able to identify and locate defendant when his girlfriend contacted police with information regarding defendant's illegal behavior. The

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 15 – Respondents' Answer.

1
2
3

   information led to defendant's arrest. After arresting defendant, police found a black bag in the trunk of defendant's vehicle containing a ledger, a digital scale, five individually packaged bags of marijuana (one ounce in total weight), ninety-three morphine pills, a glass pipe used to smoke methamphetamine, and 580 milligrams of methamphetamine.

4
5
6
7
8
9

   Defendant was charged with conspiracy, a class 2 felony (count one); conducting an illegal enterprise, a lass 3 felony (count two); use of a wire communication in a drug related transaction, a class 4 felony (counts three, four, five and eight); offering to sell or transfer methamphetamine, a dangerous drug, a class 2 felony (count six); transportation for sale or transfer of methamphetamine, a dangerous drug, a class 2 felony (count seven); possession for sale of methamphetamine, a dangerous drug, a class 2 felony (counts nine and ten); possession for sale of a narcotic drug, a class 2 felony (count eleven); possession for sale of marijuana under two pounds, a class 4 felony (count twelve); and possession of drug paraphernalia, a class 6 felony (count thirteen).

10
11
12
13
14
15

   A jury convicted defendant of all thirteen charges. The trial court found that defendant had two prior felony convictions. Defendant received the presumptive term on each count. The trial court ordered defendant to serve fifteen and three-quarter years each for counts one and eleven; eleven and one-quarter years each for counts one and eleven; eleven and one-quarter years for count two; ten years each for counts three, four, five, eight, and twelve; ten years flat-time for each of counts six, seven, nine, and ten; and three and three-quarter years for count thirteen. The trial court ordered that the sentences be served concurrently. Defendant received seventy-four days of presentence incarceration credit on each count. He appealed.

16

(Exh. G at 2-4; Exhs. A, B, D, E, F.)

17
18
19
20
21
22
23
24
25
26
27
28

Petitioner's appointed appellate counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), and State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969), and Petitioner filed a supplemental brief *in propria persona*. (Exh. G at 1-2.) Petitioner raised two issues in his *pro per* brief: 1) pursuant to Arizona Rule of Evidence 403, evidence referencing his prior incarceration was improperly admitted; and 2) that there was reversible error because attorneys for the State were involved with jurors outside the courtroom, in violation of Arizona Rule of Criminal Procedure 19.4. (Exh. G at 4.) On August 11, 2009, the Arizona Court of Appeals affirmed his convictions and sentences, concluding, "[o]ur review of the record reveals no error with respect to either of defendant's arguments and defendant's brief *in propria persona*." (Id.) On February 10, 2010, the court of appeals issued its Order and Mandate, which stated, in pertinent part, that the time for filing a motion for reconsideration expired and no motion was filed. (Exh. J.) The court further stated that

1   a petition for review was filed, and by order dated December 15, 2009, the Arizona Supreme
2   Court denied the petition for review. (Id.)

3         On September 9, 2009, Petitioner filed a timely notice of post-conviction relief (Exh.
4   H), along with a petition for post-conviction relief (Exh. I), claiming: 1) evidence admitted
5   at trial (obtained through surveillance) violated his Fourth Amendment protection against
6   unreasonable search and seizure; 2) seizure of contraband from the trunk of his car also
7   violated the Fourth Amendment; 3) ineffective assistance of trial counsel; 4) the state
8   presented perjured testimony at trial; and 5) the trial court unconstitutionally denied defense
9   counsel's request to recall a witness. The trial court construed Petitioner's pleading as his
10  "Rule 32 Notice of Post-Conviction Relief and request for appointment of counsel," and
11  appointed Petitioner PCR counsel. (Exh. K.) On July 28, 2010, after thoroughly reviewing
12  the record, PCR counsel filed a notice of completion of post-conviction review, informing
13  the court that there were no viable claims for post-conviction relief. (Exh. L.)

14        Given leave by the court to file his own pleading following defense counsel's notice
15  of no colorable issues, on August 30, 2010, Petitioner filed a *pro per* PCR petition, raising
16  the following issues: 1) ineffective assistance of trial counsel for counsel's failure to move
17  to suppress evidence gathered as result of a police wiretap; and 2) ineffective assistance of
18  trial counsel because defense counsel was "addicted to methamphetamine and clinically
19  depressed." (Exh. M.) On November 18, 2010, the State responded to Petitioner's motion,
20  and on December 7, 2010, Petitioner filed a reply. (Exhs. N and O.)

21        On February 11, 2011, the trial court dismissed Petitioner's PCR petition stating, in
22  pertinent part:

23      The petition for relief is based on a claim of ineffective assistance of counsel,
    as the defendant discovered recently that his attorney was a methamphetamine
24  user and suffered from clinical depression. However, there is nothing in the
    record that indicates that counsel's drug use or depression in any way affected
25  his handling of the trial in this matter.

26      In fact the court of appeals as part of its ruling after the appeal filed in this case
    found that "defendant was adequately represented by counsel at all stages"
27  after searching the entire record in this case. That finding alone precludes the
    defendant from raising the issue based on Rule 32.2(a) of the Rules of
28

> Criminal Procedure, which precludes a defendant from raising issues that could have been raised or which were adjudicated on appeal.
>
> The only specific area that defendant cites as an instance where counsel was ineffective was counsel's failure to investigate and file a motion to suppress as to wiretap evidence. If there is a credible argument that evidence should have been suppressed in the case (defendant has provided no assertion or facts that would support such an argument), that issue could have been raised on appeal in this case and is therefore precluded by Rule 32.2(a). The court also notes that none of the counsel for the codefendants in the case filed a motion to suppress that evidence and defendant's counsel on appeal did not make an argument that such a motion should have been filed.
>
> The only newly discovered facts that the defendant raises is that his counsel, after the trial in this case, was found to be a drug user and to suffer from depression. However, for those facts to constitute a ground for relief under Rule 32, the defendant must show that those facts "probably would have changed the verdict" in the case. Ariz. R. Crim. P. Rule 32.1(e). The defendant has made no such showing.

(Exh. P at 1-2.) On March 3, 2011, Petitioner moved the trial court to reconsider its dismissal of his post-conviction petition, but on March 21, 2011, the trial court denied his motion. (Exhs. Q and R.)

On April 25, 2011, Petitioner filed a petition for review of the trial court's denial of his PCR petition in the superior court, which was received by the court of appeals on May 10, 2011. (Exh. S.) On May 23, 2011, Petitioner also moved the trial court to stay the proceedings in the appellate court, but the trial court issued a minute entry explaining that it had no jurisdiction to do so. (Exhs. T and U.) Petitioner also filed a motion to stay the proceedings in the Arizona Supreme Court, and on May 17, 2011, that court denied the motion. (Exhs. V and W.) The supreme court ordered the motion returned to the court of appeals, and, on June 14, 2011, the court of appeals denied Petitioner's motion to stay the proceedings. (Exhs. X and Y.) Petitioner objected to this ruling, and the court of appeals treated the "objection" as a motion to reconsider, which, on June 28, 2011, it denied. (Exhs. Z and AA.)

On February 26, 2013, the court of appeals denied Petitioner's petition for review of the denial of the trial court's denial of his PCR stating, in pertinent part:

> The trial court erred when it found the ineffective assistance of counsel claims were precluded because the claims could have been raised on direct appeal. Claims of ineffective assistance of counsel cannot be raised on direct appeal,

- 4 -

> but must be presented in a post-conviction relief proceeding. State ex rel. Thomas v. Rayes, 214 Ariz. 411, 153 P.3d 1040 (2007). Nevertheless, because the claims were not colorable, the petition was properly subject to summary dismissal.
>
> Intoxication or alcoholism of counsel, standing alone, does not establish a per se violation of a defendant's right to effective assistance of counsel. To prove a claim of ineffectiveness of counsel, there must be a showing that, because of the intoxication or alcoholism, counsel acted or failed to act in a manner which deprived the client of his right to effective assistance of counsel. State v. D'Ambrosio, 156 Ariz. 71, 73-74, 750 P.2d 14, 16-17 (1988). Thus, whether counsel had been taking methamphetamines during his representation of Desposito, this would not establish "a per se violation" of the right to effective assistance of counsel.
>
> Desposito did allege that counsel failed to file a motion to suppress. However, to show prejudice from ineffective assistance of counsel based on counsel's failure to file [a] motion to suppress, defendant must show a reasonable likelihood that the motion to suppress would have succeeded and that, if the motion to suppress was granted, it would have changed [the] result of [the] trial. State v. Berryman, 178 Ariz. 617, 875 P.2d 850 (App. 1994). Desposito did not show that a motion to suppress likely would have been granted. A search conducted pursuant to a warrant (or a wiretap authorization) is presumed to be valid.

(Exh. BB.)

On March 27, 2013, Petitioner filed the instant habeas petition raising three grounds for relief. (Doc. 1.) In Ground One, Petitioner alleges that counsel rendered ineffective assistance in violation of Petitioner's Sixth and Fourteenth Amendment rights. In Ground Two, he alleges that evidence used against him was obtained in violation of his Fourth Amendment rights. In Ground Three, Petitioner alleges that the court violated his Fifth Amendment rights and Davis v. Alaska by restricting examination of a key prosecution witness. (Doc. 1 at 6-8.) Respondents filed an Answer (Doc. 15), and Petitioner filed a traverse (Doc. 18).

**DISCUSSION**

In their Answer, Respondents contend that Petitioner's claims are procedurally defaulted. As such, Respondents request that the Court deny and dismiss Petitioner's habeas petition with prejudice.

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. See 28 U.S.C. § 2254(b)(1) and (c); Duncan v. Henry, 513

U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. See O'Sullivan v. Boerckel, 526 U.S. 838, 839-46 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

Proper exhaustion requires a petitioner to have "fairly presented" to the state courts the exact federal claim he raises on habeas by describing the operative facts and federal legal theory upon which the claim is based. See, e.g., Picard v. Connor, 404 U.S. 270, 275-78 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). A claim is only "fairly presented" to the state courts when a petitioner has "alert[ed] the state courts to the fact that [he] was asserting a claim under the United States Constitution." Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000) (quotations omitted); see Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court.").

A "general appeal to a constitutional guarantee," such as due process, is insufficient to achieve fair presentation. Shumway, 223 F.3d at 987 (quoting Gray v. Netherland, 518 U.S. 152, 163 (1996)); see Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005) ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."). Similarly, a federal claim is not exhausted merely because its factual basis was presented to the state courts on state law grounds – a "mere similarity between a claim of state and federal error is insufficient to establish exhaustion." Shumway, 223 F.3d at 988 (quotations omitted); see Picard, 404 U.S. at 275-77.

Even when a claim's federal basis is "self-evident," or the claim would have been decided on the same considerations under state or federal law, a petitioner must still present the federal claim to the state courts explicitly, "either by citing federal law or the decisions

of federal courts." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000) (quotations omitted), amended by 247 F.3d 904 (9th Cir. 2001); see Baldwin v. Reese, 541 U.S. 27, 32 (2004) (claim not fairly presented when state court "must read beyond a petition or a brief ... that does not alert it to the presence of a federal claim" to discover implicit federal claim).

Additionally, under the independent state grounds principle, a federal habeas court generally may not review a claim if the state court's denial of relief rests upon an independent and adequate state ground. See Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). The United States Supreme Court has explained:

> In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism. Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

Id. at 730-31. A petitioner who fails to follow a state's procedural requirements for presenting a valid claim deprives the state court of an opportunity to address the claim in much the same manner as a petitioner who fails to exhaust his state remedies. Thus, in order to prevent a petitioner from subverting the exhaustion requirement by failing to follow state procedures, a claim not presented to the state courts in a procedurally correct manner is deemed procedurally defaulted, and is generally barred from habeas relief. See id. at 731-32.

Claims may be procedurally barred from federal habeas review based upon a variety of factual circumstances. If a state court expressly applied a procedural bar when a petitioner attempted to raise the claim in state court, and that state procedural bar is both "independent"[2] and "adequate"[3] – review of the merits of the claim by a federal habeas court is barred. See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991) ("When a state-law default

---

[2] A state procedural default rule is "independent" if it does not depend upon a federal constitutional ruling on the merits. See Stewart v. Smith, 536 U.S. 856, 860 (2002).

[3] A state procedural default rule is "adequate" if it is "strictly or regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587 (1988) (quoting Hathorn v. Lovorn, 457 U.S. 255, 262-53 (1982)).

- 7 -

1  prevents the state court from reaching the merits of a federal claim, that claim can ordinarily
2  not be reviewed in federal court.") (citing Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977)
3  and Murray v. Carrier, 477 U.S. 478, 485-492 (1986)).

4  Moreover, if a state court applies a procedural bar, but goes on to alternatively address
5  the merits of the federal claim, the claim is still barred from federal review. See Harris v.
6  Reed, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of
7  a federal claim in an *alternative* holding.  By its very definition, the adequate and
8  independent state ground doctrine requires the federal court to honor a state holding that is
9  a sufficient basis for the state court's judgment, even when the state court also relies on
10 federal law. ... In this way, a state court may reach a federal question without sacrificing its
11 interests in finality, federalism, and comity.") (citations omitted); Bennett v. Mueller, 322
12 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not
13 undermined where, as here, the state court simultaneously rejects the merits of the claim.")
14 (citing Harris, 489 U.S. at 264 n.10).

15 Furthermore, a subsequent "silent" denial of review by a higher court simply affirms
16 a lower court's application of a procedural bar. See Ylst, 501 U.S. at 803 ("where ... the last
17 reasoned opinion on the claim explicitly imposes a procedural default, we will presume that
18 a later decision rejecting the claim did not silently disregard that bar and consider the
19 merits").

20 A procedural bar may also be applied to unexhausted claims where state procedural
21 rules make a return to state court futile. See Coleman, 501 U.S. at 735 n.1 (claims are barred
22 from habeas review when not first raised before state courts and those courts "would now
23 find the claims procedurally barred"); Franklin v. Johnson, 290 F.3d 1223, 1230-31 (9th Cir.
24 2002) ("[T]he procedural default rule barring consideration of a federal claim 'applies only
25 when a state court has been presented with the federal claim,' but declined to reach the issue
26 for procedural reasons, or 'if it is clear that the state court would hold the claim procedurally
27 barred.'") (quoting Harris, 489 U.S. at 263 n.9).

28

- 8 -

In Arizona, claims not previously presented to the state courts via either direct appeal or collateral review are generally barred from federal review because an attempt to return to state court to present them is futile unless the claims fit in a narrow category of claims for which a successive petition is permitted. See Ariz.R.Crim.P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on appeal or in prior petitions for post-conviction relief), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Because Arizona's preclusion rule (Rule 32.2(a)) is both "independent" and "adequate," either its specific application to a claim by an Arizona court, or its operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of that claim by a federal habeas court. See Stewart, 536 U.S. at 860 (determinations made under Arizona's procedural default rule are "independent" of federal law); Smith v. Stewart, 241 F.3d 1191, 1195 n.2 (9th Cir. 2001) ("We have held that Arizona's procedural default rule is regularly followed ["adequate"] in several cases.") (citations omitted), reversed on other grounds, Stewart v. Smith, 536 U.S. 856 (2002); see also Ortiz v. Stewart, 149 F.3d 923, 931-32 (rejecting argument that Arizona courts have not "strictly or regularly followed" Rule 32 of the Arizona Rules of Criminal Procedure); State v. Mata, 916 P.2d 1035, 1050-52 (Ariz. 1996) (waiver and preclusion rules strictly applied in post-conviction proceedings).

The federal court will not consider the merits of a procedurally defaulted claim unless a petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. See Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman, 501 U.S. at 750-51; Murray, 477 U.S. at 495-96. Pursuant to the "cause and prejudice" test, a petitioner must point to some external cause that prevented him from following the procedural rules of the state court and fairly presenting his claim. "A showing of cause must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule. Thus, cause is an external impediment such as government interference or reasonable unavailability of a claim's factual basis." Robinson v. Ignacio, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations and internal quotations omitted). Ignorance of the State's procedural rules

1  or other forms of general inadvertence or lack of legal training and a petitioner's mental
2  condition do not constitute legally cognizable "cause" for a petitioner's failure to fairly
3  present his claim. Regarding the "miscarriage of justice," the Supreme Court has made clear
4  that a fundamental miscarriage of justice exists when a Constitutional violation has resulted
5  in the conviction of one who is actually innocent. See Murray, 477 U.S. at 495-96.

6  As discussed previously, in Ground One of his habeas petition, Petitioner alleges that
7  counsel rendered ineffective assistance in violation of Petitioner's Sixth and Fourteenth
8  Amendment rights. Specifically, Petitioner claims that his counsel was ineffective for failing
9  to conduct "reasonable pretrial investigation." (Doc. 1 at 7; Doc. 3.) In Ground Two, he
10 alleges that evidence used against him was obtained in violation of his Fourth Amendment
11 rights. (Doc. 1 at 6; Doc. 3.) In Ground Three, Petitioner alleges that the court violated his
12 Fifth Amendment rights and Davis v. Alaska by restricting examination of a key prosecution
13 witness. (Doc. 1 at 8; Doc. 3.)

14 On direct appeal, Petitioner raised two issues in his *pro per* supplemental brief: 1)
15 pursuant to Arizona Rule of Evidence 403, evidence referencing his prior incarceration was
16 improperly admitted; and 2) there was reversible error because attorneys for the state were
17 involved with jurors outside the courtroom in violation of Arizona Rule of Criminal
18 Procedure 19.4. (Exh. G.) And, in his *pro per* PCR petition, Petitioner argued: 1) ineffective
19 assistance of trial counsel for counsel's failure to move to suppress evidence gathered as
20 result of a police wiretap; and 2) ineffective assistance of trial counsel because defense
21 counsel was "addicted to methamphetamine and clinically depressed." (Exh. M.) Then, after
22 a subsequent dismissal of his PCR petition, Petitioner filed a petition for review again
23 arguing that his counsel was ineffective due to his drug addiction and counsel's failure to file
24 a "standard motion to suppress." (Exh. S.)

25 The Court finds that Petitioner's habeas claims are procedurally defaulted. The record
26 demonstrates that Petitioner failed to fairly present his habeas claims on direct appeal or
27 collateral review. Rather, Petitioner's habeas claims are presented for the first time on
28 federal plenary review. Consequently, these claims are not exhausted because they were not

fully and fairly presented to state courts.[4]  See 28 U.S.C. § 2254(b).  Further, Petitioner's failure to fairly present Grounds One through Three has resulted in procedural default because Petitioner is now barred from returning to the state courts.  See Ariz.R.Crim.P. 32.2(a), 32.4(a), 32.9(c).  Although a procedural default may be overcome upon a showing of cause and prejudice or a fundamental miscarriage of justice, see Coleman, 501 U.S. at 750-51, Petitioner has not established that any exception to procedural default applies.  In his traverse, Petitioner merely reargues the merits of his claims and discusses the timeliness of his Petition.

Petitioner has also filed a pleading entitled, "Petitioner's request for an evidentiary hearing with his suggestions in support" (Doc. 19).  In his request, rather than discussing any of the procedural default exceptions, Petitioner again addresses the merits of his habeas claims, and further contends that ineffective assistance of counsel caused him to reject a favorable plea and proceed to trial.  Petitioner asserts that "[r]einstatement of the original plea offer would be a remedy that can be lived with and is fair considering all the cause and effect involved with the litigation of this case."  (Doc. 19.)  The Court finds no disputed issues of fact warranting an evidentiary hearing.  The Court will recommend that Petitioner's request for an evidentiary hearing be denied.

---

[4] The Court notes that Petitioner's September 9, 2009 notice and PCR petition were construed by the trial court as Petitioner's "Rule 32 Notice of Post-Conviction Relief and request for appointment of counsel." The trial court found Petitioner indigent and appointed him PCR counsel. Petitioner never included any of the claims set forth in his September 9, 2009 "Rule 32 Notice" in his actual August 30, 2010 PCR petition or his subsequent petition for review in the Arizona Court of Appeals. Accordingly, to the extent that any of the claims asserted in Petitioner's September 9, 2009 "Rule 32 Notice" can be construed to be alleged in the instant habeas petition, the trial court did not address said claims as they were never raised, and Petitioner failed to present any of these claims in his petition for review to the court of appeals. In Arizona, Petitioner was required to present his claims to the Arizona Court of Appeals. Because he failed to present his claims to the appellate court in his petition for review, they are not exhausted. See Swoopes, 196 F.3d at 1010.

**CONCLUSION**

Grounds One, Two, and Three set forth in Petitioner's habeas petition are procedurally defaulted, and Petitioner has not established cause for his failure to raise his claims in state court, actual prejudice, or demonstrated that a miscarriage of justice would result if these issues are not addressed. Thus, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice. The Court will also recommend that Petitioner's request for an evidentiary hearing be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that Petitioner's pleading entitled, "Petitioner's request for an evidentiary hearing with his suggestions in support" (Doc. 19) be **DENIED**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right

to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 20th day of December, 2013.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge