IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Thomas Walter Desposito,

                Petitioner,

    v.

Charles L. Ryan et al.,

                Respondents.

Case No. 2:13-cv-00623-PHX-SLG (MHB)

## ORDER DISMISSING PETITION FOR HABEAS CORPUS

    Before the Court is the Petition for Writ of Habeas Corpus ("Petition"), filed pursuant to 28 U.S.C. § 2254, by petitioner Thomas Walter Desposito.[1] On August 15, 2013, Respondents filed their response ("Limited Answer").[2] On September 3, 2013, Desposito filed a traverse.[3] Desposito also filed a request for an evidentiary hearing.[4] On December 20, 2013, Magistrate Judge Michelle H. Burns issued a Report and Recommendation ("R&R"), recommending that the Petition be dismissed with prejudice,

---

[1] Docket 1 (Pet.); Docket 3 (Supp. Br.). In some documents, Desposito has spelled his name "D'Esposito." The Court uses the spelling in the case caption and petition—Desposito.

[2] Docket 15 (Limited Answer).

[3] Docket 18 (Traverse).

[4] Docket 19 (Request for Evid. Hr'g).

that the request for evidentiary hearing be denied, and that a certificate of appealability be denied.[5]  On January 2, 2014, Desposito filed objections to the R&R.[6]

For the following reasons, the Court will accept the Magistrate Judge's recommendations, and accordingly will dismiss the Petition with prejudice, deny the request for an evidentiary hearing, and deny a certificate of appealability.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 11, 2007, a jury in the Superior Court of Arizona convicted Desposito of thirteen drug-related felonies.[7]  He was sentenced to between 3.75 years and 15.75 years on each of the various counts, all to be served concurrently.[8]

Desposito filed a timely notice of appeal.[9]  Desposito's appointed appellate counsel then advised the Arizona Court of Appeals that she was unable to discover any arguable questions of law and requested that the court review the record.[10]  Desposito then filed a supplemental brief *in propria persona* raising two issues: (1) evidence referencing his prior incarceration was improperly admitted under Arizona Rule of Evidence 403; and (2) attorneys for the State were involved with jurors outside the courtroom in violation of Arizona Rule of Criminal Procedure 19.4.[11]  On August 11,

---

[5] Docket 20 (R&R).

[6] Docket 21 (R&R Objections).

[7] Docket 15-1 at 25-27 (Ex. A: Superior Ct. of Ariz. Trial Minutes); Docket 15-1 at 39-51 (Ex. C: Verdicts).

[8] Docket 15-2 at 5-6 (Ex. E: Sentence of Imprisonment).

[9] *See* Docket 15-2 at 12-13 (Ex. F: Notice of Appeal from Superior Ct.).

[10] *See* Docket 15-2 at 16 (Ex. G: Ariz. Ct. of Appeals Order).

[11] *See* Docket 15-2 at 18 (Ex. G: Ariz. Ct. of Appeals Order).

2009, the Arizona Court of Appeals affirmed Desposito's convictions, finding "no error with respect to either of [Desposito]'s arguments."[12]  The Arizona Supreme Court denied Desposito's petition for review.[13]

On September 9, 2009, Desposito filed a timely Notice of Post-Conviction Relief ("PCR"), as well as a Petition for PCR in the Superior Court of Arizona.[14]  On the standardized PCR form, Desposito checked a box asserting that he raised "[t]he abridgement of any other right guaranteed by the constitution or laws of [Arizona], or the constitution of the United States," and more specifically asserted several grounds for PCR relief, titled Affidavit Exhibits 1 through 4, which can be summarized as follows:

- **Affidavit Exhibit 1:** Evidence obtained through surveillance and a warrantless search of a vehicle was "a clear violation of the defendant's IV Amendment constitutional right."[15]

- **Affidavit Exhibit 2:** Defendant's trial counsel provided ineffective assistance.  For example, he advised Desposito not to testify and had incorrect transcripts of telephone calls.[16]

- **Affidavit Exhibit 3:** The State presented the perjured testimony of witness Donna Gribben at trial.[17]

- **Affidavit Exhibit 4:** The trial court denied Desposito "any other right guaranteed by the constitution or the laws of this state or the

---

[12]  Docket 15-2 at 15-19 (Ex. G: Ariz. Ct. of Appeals Order).

[13]  See Docket 15-2 at 36-37 (Ex. J: Ariz. Ct. of Appeals Order and Mandate).

[14]  See Docket 15-2 at 21-23 (Ex. H: Notice of PCR); Docket 15-2 at 25-34 (Ex. I: Pet. for PCR).

[15]  Docket 15-2 at 29-30 (Ex. I: Pet. for PCR).

[16]  Docket 15-2 at 31, 34 (Ex. I: Pet. for PCR).

[17]  Docket 15-2 at 32 (Ex. I: Pet. for PCR).

constitution of the United States," including unconstitutionally denying defense counsel's request to recall witness Gribben.[18]

On November 24, 2009, the Superior Court of Arizona appointed PCR counsel.[19] On July 29, 2010, the appointed PCR counsel filed a Notice of Completion of Post-Conviction Review, which apprised the Court that she had reviewed the record and concluded that she was "unable to find any claims for relief to raise in post-conviction relief proceedings." She requested an extension of time to permit Desposito to file a *pro per* brief.[20]

On August 30, 2010, the court received Desposito's *pro per* brief on another Petition for PCR form.[21] Again, Desposito checked boxes on the form petition that asserted that he was eligible for relief because of the "introduction at trial of evidence obtained by an unconstitutional search and seizure" and "[t]he abridgement of any other right guaranteed by the constitution or laws of [Arizona], or the constitution of the United States."[22] Desposito's brief raised two primary issues, which he summarized in his concluding paragraphs as follows:

- **Issue 1:** "Petitioner[']s counsel was ineffective for failing to conduct a reasonable pre-trial investigation. This violated the petitioner[']s right to counsel, as guaranteed by Amendments 6 & 14 to the U.S. Constitution. *See: Wiggins vs. Smith*, 123 S.Ct. 2527 (2003)."[23]

---

[18]   Docket 15-2 at 33 (Ex. I: Pet. for PCR).

[19]   Docket 15-2 at 39-40 (Ex. K: Rule 32 PCR Order).

[20]   Docket 15-2 at 42-44 (Ex. L: Notice of Completion of Post-Conviction Review by Counsel).

[21]   *See* Docket 15-2 at 46-63 (Ex. M: Pet. for PCR).

[22]   Docket 15-2 at 46-47 (Ex. M: Pet. for PCR).

[23]   Docket 15-2 at 56 ¶ 16 (Ex. M: Pet. for PCR).

- **Issue 2:** Petitioner's counsel was ineffective by virtue of his post-trial criminal conviction and admission to drug addiction.[24]

The State responded to the motion and Desposito replied.[25] Both parties' briefing cited to state and federal cases.

On February 11, 2011, the Superior Court of Arizona entered an order dismissing the petition, which concluded that the claim of ineffective assistance of counsel should have been raised on direct appeal, rather than on PCR.[26] This conclusion was erroneous, because under Arizona law, an ineffective assistance of counsel claim cannot be raised until PCR proceedings, and not on direct appeal.[27] The court also held that Desposito's petition failed on the merits because "[t]he only specific area that [Desposito] cites as an instance where counsel was ineffective was counsel's failure to investigate and file a motion to suppress as to wiretap evidence," but Desposito "provided no assertion or facts" to support such an argument.[28] The Superior Court noted that "none of the counsel for the codefendants in the case filed a motion to suppress" that same evidence. And the court found nothing in the record to indicate that trial counsel's drug use provided a basis for relief. The trial court's decision cited

---

[24] Docket 15-2 at 57-58 (Ex. M: Pet. for PCR).

[25] *See* Docket 15-3 at 2-19 (Ex. N: State's Resp. to Def.'s Pet. for PCR); Docket 15-3 at 21-31 (Ex. O: Pet'r Reply to State's Resp. on Pet. for PCR).

[26] Docket 15-3 at 33-34 (Ex. P: Superior Ct. of Ariz. Minute Entry).

[27] *See* Docket 15-4 at 44-45 (Ex. BB: Order re: Pet. for Review).

[28] Docket 15-3 at 33-34 (Ex. P: Superior Ct. of Ariz. Minute Entry).

neither federal nor Arizona cases, only Arizona Rules of Criminal Procedure.[29] Desposito moved for reconsideration, which the court denied.[30]

On April 25, 2011, Desposito filed a petition for review of the trial court's denial of the PCR petition with the Arizona Court of Appeals.[31]  The petition asserted that the trial court erred by finding that Desposito was adequately represented at trial "even though" his trial counsel was disbarred, suffered from drug addiction and clinical depression, and had failed to file a "standard motion to suppress."  The petition referenced the Rule 32 briefing that Desposito had filed with the trial court and stated "[t]he court has all the Rule 32 Post-Conviction Relief briefs and arguments, please find it in your hearts to grant a review."[32]  The petition did not make any further legal argument.

Desposito then filed a motion with the trial court seeking leave to file an amended PCR petition with that court and stay the proceedings in the appellate courts.  The Superior Court denied the motion because it lacked authority over the appellate courts.[33]  Desposito also filed a motion with the Arizona Supreme Court seeking to stay the appeal.  The motion asserted:

> [T]o properly exhaust a habeas claim you must federalize and mention or preserve the claim in the intermediate state court of appeal and then in the

---

[29] *See* Docket 15-3 at 33-34 (Ex. P: Superior Ct. of Ariz. Minute Entry).

[30] Docket 15-3 at 36-42 (Ex. Q: Mot. to Recons. Rule 32 PCR); Docket 15-3 at 44 (Ex. R: Superior Ct. of Ariz. Minute Entry).

[31] Docket 15-3 at 46-51 (Ex. S: Pet. for Review of Rule 32 PCR).

[32] Docket 15-3 at 48 (Ex. S: Pet. for Review of Rule 32 PCR).

[33] Docket 15-4 at 2-12 (Ex. T: Mot. for Leave of the Superior Ct. to File an Am. Appeal While Appeal is Stayed in Supreme Ct.); Docket 15-4 at 14 (Ex. U: Superior Ct. of Ariz. Minute Entry). Desposito's motion cites two federal cases discussing confrontation rights.  *See* Docket 15-4 at 7 (citing *Davis v. Alaska*, 415 U.S. 308 (1974); *Washington v. Texas*, 388 U.S. 14 (1967)).

> state[']s highest appellate court, for complete exhaustion.  The petitioner is trying not to wind up in federal court with a petition that has been determined to contain an unexhausted claim.[34]

On May 17, 2011, the Supreme Court denied the motion because Desposito's petition for review was then pending before the Arizona Court of Appeals.[35]  On or about June 10, 2011, the Arizona Supreme Court forwarded the motion and its order to the Arizona Court of Appeals.[36]  On June 14, 2011, the Court of Appeals denied the "Request for Stay and Abeyance" because Desposito had "timely filed a petition for review" that was then pending in the Court of Appeals and Desposito had failed to demonstrate sufficient cause for a stay.[37]  On June 21, 2011, Desposito filed an objection to the Court of Appeals' order on motion to stay, which the court treated as a motion for reconsideration and denied.[38]

On February 26, 2013, the Arizona Court of Appeals entered an order denying Desposito's petition for review.[39]  The court held that "[t]he trial court erred when it found the ineffective assistance of counsel claims were precluded because the claims could have been raised on direct appeal"; instead, those claims cannot be raised until PCR proceedings.  But the court also concluded on the merits that the PCR petition

---

[34]  Docket 15-4 at 16-31 (Ex. V: Mot. for Leave of the Supreme Ct. to Stay the Appeal Until Exhaustion of all Constitutional Claims in the Inferior State Ct. or (Stay and Abeyance)).

[35]  Docket 15-4 at 33 (Ex. W: Ariz. Supreme Ct. Order).

[36]  *See* Docket 15-4 at 35 (Ex. X: Ariz. Supreme Ct. Order).

[37]  Docket 15-4 at 37 (Ex. Y: Ct. of Appeals Order).

[38]  Docket 15-4 at 39 (Ex. Z: Objection to Ct. of Appeals Order); Docket 15-4 at 42 (Ex. AA: Ct. of Appeals Order).

[39]  Docket 15-4 at 44-45 (Ex. BB: Order re: Pet. for Review).

would have been properly denied "because the claims were not colorable." The court specifically rejected the ineffective assistance of counsel claim based upon defense counsel's drug use because Desposito had failed to demonstrate that he was deprived of his right to effective assistance of counsel due to the drug use. The court also rejected Desposito's claim based upon counsel's failure to file a motion to suppress because Desposito "did not show that a motion to suppress likely would have been granted."[40] The decision cites Arizona law only; it cites no federal law.

Shortly thereafter, on March 27, 2013, Desposito filed the instant Petition raising three grounds for federal habeas relief: (1) ineffective assistance of trial counsel because counsel "fail[ed] to conduct a reasonable pre-trial investigation" in violation of Desposito's Sixth and Fourteenth Amendment rights;[41] (2) use of illegally obtained evidence in violation of Desposito's Fourth Amendment rights;[42] and (3) restriction of defense counsel's ability to cross-examine a key prosecution witness at trial in violation of Desposito's Fifth Amendment rights and *Davis v. Alaska*.[43]

Respondents filed a Limited Answer, asserting that the Petition was untimely under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Respondents also asserted that Desposito had failed to exhaust these federal claims in the state

---

[40] Docket 15-4 at 44-45 (Ex. BB: Order re: Pet. for Review).

[41] Docket 1 at 7 (Pet.).

[42] Docket 1 at 6 (Pet.).

[43] Docket 1 at 8 (Pet.) (citing *Davis v. Alaska*, 415 U.S. 308 (1974)).

courts, and that because those claims would now be time barred in Arizona state court, they are procedurally defaulted.[44]  Desposito filed a traverse.[45]

The Magistrate Judge issued an R&R concluding as follows:

> Petitioner's habeas claims are procedurally defaulted.  The record demonstrates that [Desposito] failed to fairly present his habeas claims on direct appeal or collateral review.  Rather, [Desposito]'s claims are presented for the first time on federal plenary review.  Consequently, these claims are not exhausted because they were not fully and fairly presented to state courts. . . . [Desposito]'s failure to fairly present Grounds One through Three [of the Petition] has resulted in procedural default because [Desposito] is now barred from returning to the state courts."[46]

The R&R further concludes that Desposito had "not established that any exception to procedural default applies."  The R&R considers only the claims raised in Desposito's August 2010 PCR petition.  It finds that the claims raised in Desposito's September 2009 PCR petition were not included in his August 2010 PCR petition and thus Desposito had not exhausted them.[47]

The R&R also recommends that the Court deny Desposito's request for an evidentiary hearing and a certificate of appealability.

Desposito filed objections to the R&R requesting that all of his claims be reviewed.[48]  His specific objections can be summarized as follows:

---

[44] Docket 15 (Limited Answer).

[45] Docket 18 (Traverse).

[46] Docket 20 at 10-11 (R&R) (internal citation omitted).

[47] Docket 20 at 11, n.4 (R&R) (citing *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)). *Swoopes* affirmed a district court conclusion that claims raised in a Rule 32 petition and appealed to the Arizona Court of Appeals need not be appealed to the Arizona Supreme Court in non-capital and non-life sentences.  *Id.* at 1009.

[48] Docket 21 at 2 (R&R Objections).

1. Desposito objects to the R&R's recommendation to deny a certificate of appealability.[49]

2. Desposito reasserts that the trial court's actions which "kept the lead witness from being cross-examined for impeachment purposes" were unconstitutional.

3. Desposito reasserts that his trial counsel was ineffective because he "was a methamphetamine user that was clinically depressed," which resulted in his failure to cross-examine a witness or file a motion to suppress evidence that was seized through an illegal search and seizure.[50] Desposito notes that the Superior Court of Arizona found relevant to its ineffective assistance analysis that Desposito's co-defendants never filed a motion to suppress. Desposito asserts that the fact that the other attorneys elected not to file motions to suppress is not instructive because "they all pleaded out" and "a motion to suppress is only used in a trial setting."[51]

4. Desposito asserts that he "fairly presented his claims to the state according[] to the best of his ability," particularly given that "all Arizona State Prisons have removed all legal books and or reference materials from all the prisons."[52]

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[53] However, a court must only "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."[54] A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."[55]

---

[49] Docket 21 at 3 (R&R Objections).

[50] Docket 21 at 4-5 (R&R Objections).

[51] Docket 21 at 5 (R&R Objections).

[52] Docket 21 at 6 (R&R Objections).

[53] 28 U.S.C. § 636(b)(1).

[54] *Id.*; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de*

## DISCUSSION

### I. Desposito's Objections.

The Petition raises three grounds for federal habeas relief. The R&R concludes that each claim was unexhausted and is now procedurally defaulted.[56] Read broadly, Desposito's objections encompass the entirety of the Magistrate Judge's R&R.

#### A. All of Desposito's claims have been procedurally defaulted.

Desposito's first claim alleges ineffective assistance of trial counsel. His second and third claims—alleging that the trial court permitted consideration of illegally obtained evidence and that defense counsel failed to cross-examine a key witness—appear to be closely related to the claim of ineffective assistance of counsel.

##### 1. *Legal Standards Concerning Exhaustion and Procedural Default.*

A state prisoner must exhaust his remedies in state court before petitioning the federal court for a writ of habeas corpus.[57] The exhaustion requirement is a rule of

---

novo or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

[55] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[56] Docket 20 at 10-11 (R&R). Respondents' Limited Answer asserts that Desposito's petition is untimely under AEDPA's one-year statute of limitations. Docket 15 at 8-11 (Limited Answer); 28 U.S.C. § 2244(d)(1)(A). Desposito does not respond to this argument, and the R&R does not address it. On June 14, 2011, in the course of denying Desposito's "Request for Stay and Abeyance," the Arizona Court of Appeals stated that Desposito had "timely filed a petition for review in th[e]" Arizona Court of Appeals. Docket 15-4 at 37 (Ex. Y: Ct. of Appeals Order). Since the state court specifically informed Desposito that his petition was timely filed, the Court will consider AEDPA to have been effectively tolled. *Cf. Evans v. Chavis*, 546 U.S. 189, 198 (2006) (addressing California's "reasonable time" deadline for filing a habeas petition, and holding "[i]n the absence of . . . clear indication that a particular request for appellate review was timely or untimely, the Circuit must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness").

comity that "reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance."[58]

"Proper exhaustion requires a petitioner to have 'fairly presented' to the state courts the exact federal claim he raises on habeas by describing the operative facts and federal legal theory upon which the claim is based."[59] To make a fair presentation, a petitioner must plead his federal claims with considerable specificity to the state courts.[60] A federal claim is not exhausted merely because its factual basis was presented to the state courts on state law grounds—that is, a "mere similarity between a claim of state and federal error is insufficient to establish exhaustion."[61] Thus, even if a claim would have been decided based on the same considerations under state or federal law, a petitioner must still explicitly present the federal claim to the state court.[62]

---

[57] 28 U.S.C. § 2254(b)(1) and (c).

[58] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (internal quotation, citation, and brackets omitted).

[59] Docket 20 at 6 (R&R) (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).

[60] *See Rose v. Palmateer*, 395 F.3d 1108, 1111 (9th Cir. 2005).

[61] Docket 20 at 6 (R&R) (quoting *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000)).

[62] *See* Docket 20 at 6 (citing *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by* 247 F.3d 904 (9th Cir. 2001)). *See also Serpa v. Ryan*, No. CV-13-00890-PHX-NVW (JFM), 2014 WL 217821, at *9 (D. Ariz. Jan. 21, 2014) ("Arizona right to effective counsel is not equivalent to the federal right."); *McClure v. Tucker*, No. CV-05-2132-PCT-JAT (JI), 2006 WL 4468894, at *6 (D. Ariz. July 17, 2006) (Although "Arizona's standards for ineffective assistance of counsel parallel those adopted by the U.S. Supreme Court in *Strickland v. Washington*, 446 U.S. 668 (1984) . . . the burden of proving that the state and federal claims are identical is on the habeas petitioner . . . and Petitioner offers nothing to show that the Arizona Courts have

"[A] state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."[63]

This full and fair presentation of the federal claim and the applicable facts must be given throughout one full state process, including to the highest required state court.[64] In Arizona, "a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32."[65] The petitioner is not required to raise the claim on both direct appeal and through a petition for PCR. And "in cases not carrying a life sentence or the death penalty, review need not be sought before the Arizona Supreme Court in order to exhaust state remedies"—but a petitioner must fairly present his claims to the Arizona Court of Appeals.[66]

Courts generally dismiss without prejudice unexhausted claims or stay the federal action to permit exhaustion,[67] but where "a federal constitutional claim can no longer be raised because of a failure to follow the prescribed procedure for presenting

---

found a state ineffective assistance claim to be identical to a federal ineffective assistance claim").

[63] *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

[64] *O'Sullivan*, 526 U.S. 845-58.

[65] *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

[66] *See Swoopes*, 196 F.3d at 1010.

[67] *Cf. Rhines v. Weber*, 544 U.S. 269 (2005).

such an issue, . . . the claim is procedurally barred and the petition must be denied."[68] This dismissal would be with prejudice. Arizona Rule of Criminal Procedure 32.4 requires that petitions for PCR (other than those filed "of-right") be filed, with limited exceptions, "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later."[69]

### 2. Application of Legal Standards Concerning Exhaustion.

As explained in the R&R, because of the exhaustion doctrine, the federal court is to only address the federal claims that were raised before both the Superior Court of Arizona and the Arizona Court of Appeals.

As discussed *supra*, in Desposito's August 2010 PCR Petition—his *pro per* brief—he checked the box on the form petition that alleged violations including "introduction at trial of evidence obtained by an unconstitutional search and seizure" and "[t]he abridgement of any other right guaranteed by the constitution or laws of [Arizona], or the constitution of the United States."[70] More specifically, Desposito's *pro per* brief to the trial court asserted that he had suffered violations of the Sixth and Fourteenth Amendments of the U.S. Constitution and cited *Wiggins vs. Smith*, 123 S.Ct. 2527 (2003) and other federal ineffective assistance of counsel cases.[71] Desposito's trial court brief also asserted, citing Arizona's definition of unprofessional conduct, that his

---

[68] *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).

[69] *See Serpa*, 2014 WL 217821, at *7-8 (analyzing law and exceptions to Rule 32.4).

[70] Docket 15-2 at 46-47 (Ex. M: Pet. for PCR).

[71] Docket 15-2 at 56 ¶ 16 (Ex. M: Pet. for PCR).

counsel was ineffective due to counsel's post-trial criminal conviction and admission to drug addiction.[72] The State's response to the petition filed in the Superior Court analyzed both state and federal law.[73] Although the Superior Court's decision cites neither state nor federal case law,[74] Desposito adequately raised a federal claim before the Superior Court alleging ineffective assistance of counsel and violations of his Fourth Amendment right against unreasonable search and seizure.

In April 2011, Desposito filed a petition for review of the trial court's denial of the PCR petition with the Arizona Court of Appeals.[75] This petition again asserted ineffective assistance of counsel, but does not raise a *federal* claim of ineffective assistance of counsel. The petition cites no case law whatsoever. Rather, Desposito's April 2011 petition to the Arizona Court of Appeals simply referenced his trial court briefing, stating that "[t]he court has all the Rule 32 Post-Conviction Relief briefs and arguments, please find it in your hearts to grant review."[76] Desposito's reference to his trial court briefing was inadequate to alert the Arizona Court of Appeals of his intention to bring a federal ineffective assistance of counsel claim.[77] A reference to lower court briefing does not fairly present the federal claim and alert the Arizona Court of Appeals

---

[72] Docket 15-2 at 57-58 (Ex. M: Pet. for PCR) (citing Ariz. Sup. Ct. R.31 (a)(2)(E)).

[73] *See* Docket 15-3 at 2-19 (Ex. N: State's Resp. to Def.'s Pet. for PCR).

[74] *See* Docket 15-3 at 33-34 (Ex. P: Superior Ct. of Ariz. Minute Entry).

[75] Docket 15-3 at 46 (Ex. S: Pet. for Review of Rule 32 PCR).

[76] Docket 15-3 at 46 (Ex. S: Pet. for Review of Rule 32 PCR).

[77] *See Baldwin*, 541 U.S. at 32; *Lyons*, 232 F.3d at 668; *Picard*, 404 U.S. at 275-78; *Shumway*, 223 F.3d at 987; *Rose*, 395 F.3d at 1111; *Serpa*, 2014 WL 217821, at *9; *McClure*, 2006 WL 4468894, at *6;.

to the presence of a federal claim.  The Arizona Court of Appeals is not required nor expected to search the record in this manner.[78]  Desposito also noted a desire to exhaust his federal claims in his motion to stay that he filed in the Arizona Supreme Court.[79]  And while the Supreme Court motion may have been forwarded to the Court of Appeals, the Court of Appeals is also not required to consider a forwarded motion to stay to search for federal claims.[80]  Accordingly, Desposito failed to adequately exhaust his federal claim for ineffective assistance of counsel in the state court.  And the Court accepts the R&R's recommendation that "[a]lthough a procedural default may be overcome upon a showing of cause and prejudice or a fundamental miscarriage of justice, . . . [Desposito] has not established that any exception to procedural default applies."[81]

Desposito's federal ineffective assistance of counsel claim cannot now be pursued in the Arizona state courts because it is untimely.  Accordingly, this Court accepts the R&R's recommendation that Desposito's federal claim for ineffective assistance of counsel—which is his first habeas claim in this Court, but also underlies his second and third claims—is procedurally defaulted.[82]

---

[78] *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

[79] Docket 15-4 at 16-19 (Ex. V: Mot. for Leave of the Supreme Ct. to Stay the Appeal Until Exhaustion of all Constitutional Claims in the Inferior State Ct. or (Stay and Abeyance)).

[80] *See* Docket 15-4 at 35 (Ex. X: Ariz. Supreme Ct. Order); *cf. Baldwin*, 541 U.S. at 32.

[81] Docket 20 at 11 (R&R).

[82] *See* Ariz. R. Crim. P. 32.9(c) (providing deadlines for petition for review); Docket 1 at 6-8 (Pet.).

**B. Desposito had the opportunity to litigate his allegations of a Fourth Amendment violation in state court.**

Desposito's second claim in his habeas Petition asserts that, at trial, the government relied upon evidence illegally obtained in violation of his Fourth Amendment rights. In Desposito's PCR petition to the Superior Court of Arizona and his petition for review to the Arizona Court of Appeals, he raises counsel's failure to file a motion to suppress.[83] And the Court of Appeals addressed defense counsel's failure to file a motion to suppress in its PCR decision, explaining that Desposito failed to demonstrate that a motion to suppress likely would have been granted.[84]

Unlike other federal claims, a state prisoner only has a single opportunity to raise an alleged violation of Fourth Amendment claims: "If the state has provided a state prisoner an opportunity for full and fair litigation of his Fourth Amendment claim, [the federal courts] cannot grant federal habeas relief on the Fourth Amendment issue."[85] Desposito's allegation of a Fourth Amendment violation was litigated in the Arizona courts, and this Court cannot grant habeas relief on this claim.

**C. Desposito's assertion that he "fairly presented his claims to the state according[] to the best of his ability" given his lack of access to legal materials does not rectify his failure to exhaust his federal claims.**

Desposito also objects to the R&R by asserting that he presented his claims "to the best of his ability" particularly given that "all Arizona State Prisons have removed all

---

[83] *See* Docket 15-2 at 50 (Ex. M: Pet. for PCR); Docket 15-3 at 48 (Ex. S: Pet. for Review of Rule 32 PCR).

[84] Docket 15-4 at 44-45 (Ex. BB: Order re: Pet. for Review).

[85] *Moormann v. Schriro*, 426 F.3d 1044, 1053 (9th Cir. 2005) (*citing Stone v. Powell*, 428 U.S. 465, 494 (1976)).

2:13-cv-00623-PHX-SLG, *Desposito v. Ryan et al.*
Order Dismissing Petition for Habeas Corpus

legal books and or reference materials from all the prisons."[86] The Court acknowledges the difficulties that may be faced by Desposito as a *pro se* prisoner. And it is clear to the Court that Desposito dedicated substantial time and effort to his filings.

And yet the United States Supreme Court has "held that the denial of access to a law library cannot provide a basis for a *pro se* petitioner's habeas relief because no Supreme Court case clearly establishes a *pro se* petitioner's constitutional right to law library access."[87] Thus, even if Desposito had limited access to a law library, this does not excuse his failure to exhaust his claims in state court proceedings.

### D. The Court will deny a certificate of appealability.

Desposito objects to the R&R, asserting that he has made a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. §2253(c)(2), and that "reasonable jurists would find the district courts assessments of the constitutional claims 'debatable or wrong.'"[88] He further asserts that "[w]hen a District Court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should be issued."

There is no rule that requires a court to issue a certificate of appealability where it denies a habeas petition on procedural grounds. Rather, a court may grant a certificate of appealability only if the applicant has made "a substantial showing of the denial of a constitutional right"—that is, a showing that "reasonable jurists could debate whether . . .

---

[86] Docket 21 (R&R Objections).

[87] *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2005) (*citing Kane v. Espitia*, 546 U.S. 9, 9 (2005)); *see also Mays v. Hedgpeth*, No. 11-cv-9881-RGK, 2014 WL 794326 (C.D. Cal. Jan. 13, 2014) (analyzing *Kane* and recent precedent).

[88] Docket 21 at 3 (R&R Objections) (quoting *Slack*, 529 U.S. at 484).

. the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[89] Desposito has not made that "substantial showing."

### E. The Court will deny an evidentiary hearing.

The Court accepts the R&R's recommendation that there are "no disputed issues of fact warranting an evidentiary hearing."[90] Accordingly, the Court will deny Mr. Desposito's request for an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED that:**

1. The Magistrate Judge's Recommendation filed December 20, 2013 at Docket 20 is **ACCEPTED** for the reasons set forth herein, and the Petition for Habeas Corpus is **DISMISSED WITH PREJUDICE**.

2. The request for an evidentiary hearing at Docket 19 is **DENIED.**

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued by this Court.[91] Desposito has not made the requisite "substantial showing of the denial of a constitutional right" required by 28 U.S.C. §2253(c)(2). Any request for a certificate of appealability must be addressed to the Court of Appeals.[92]

DATED this 19th day of June 2014.

/s/ Sharon L. Gleason
United States District Judge

---

[89] *Slack*, 529 U.S. at 484 (internal quotation marks and citations omitted).

[90] Docket 20 at 11 (R&R).

[91] 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 484.

[92] Fed. R. App. P. 22(b).